UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| ROBERT B. HAMMOND | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | CASE NO.  3:20-cv-210 |
| | ) | |
| CITY OF VINCENNES; | ) | |
| VINCENNES COMMON COUNCIL; | ) | |
| DENNIS KORDES, PRESIDENT, POLICE | ) | |
| CIVIL SERVICE MERIT COMMISSION; | ) | |
| BRAD DALE, VICE PRESIDENT, POLICE | ) | |
| CIVIL SERVICE MERIT COMMISSION; | ) | |
| MAJOR HOWARD W. HATCHER, | ) | |
| SECRETARY, POLICE CIVIL SERVICE | ) | |
| MERIT COMMISSION; | ) | |
| ROBERT DUNHAM, CHIEF, | ) | |
| VINCENNES POLICE DEPARTMENT and | ) | |
| TERRY JOHNSON, ASSISTANT CHIEF, | ) | |
| VINCENNES POLICE DEPARTMENT | ) | |
| Defendants | ) | |

**COMPLAINT**
**AND DEMAND FOR JURY TRIAL**

Plaintiff, for his Complaint and Demand for Jury Trial against Defendants, states and

alleges the following:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction of this cause of action pursuant to 28 U.S.C.

§§ 1331 and 1343, as Plaintiff asserts claims arising under the Due Process clause of the

Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1983, and the Uniformed

Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301, *et seq*.

2.      This Court has supplemental jurisdiction over Plaintiff's state-law judicial appeal

claim pursuant to 28 U.S.C. § 1367(a).

1

3.      Venue in this judicial district and division is proper under 28 U.S.C. 1391(b)(2), as this district and division embrace Vincennes, Knox County, Indiana, which is where a substantial part of the events or omissions giving rise to the claims herein occurred.

## PARTIES

4.      Plaintiff Robert B. Hammond is a citizen of Knox County, Indiana.

5.      Defendant, the City of Vincennes (the "City"), is an incorporated city created under the laws of the state of Indiana and is commonly referred to as a political subdivision, municipality or unit.

6.      Defendant, the Vincennes Common Council (the "Council'), is the legislative branch of the City, which is established under the laws of the state of Indiana.

7.      The Council's legislation is codified in and published as the "City of Vincennes, Indiana Code of Ordinances" (the "Ordinance").

8.      Therein, the Council legislatively established, in 1996, a Police Merit System, whereby the Police Civil Service Merit Commission was created (the "Merit Commission").

9.      Among other things, the Merit Commission is charged with dismissals, suspensions, and discipline of members of the City's police department.

10.     Defendant, Dennis Kordes, was the President of the Merit Commission at all times relevant to this lawsuit "(Commission President Kordes").

11.     Defendant, Brad Dale, was the Vice President of the Merit Commission at all times relevant to this lawsuit ("Commission VP Dale").

12.     Defendant, Major Howard W. Hatcher, was the Secretary of the Merit Commission at all times relevant to this lawsuit ("Commission Secretary Hatcher").

13.

2

14.    Defendant, Terry Johnson ("Chief Johnson"), was the interim Chief of the Vincennes Police Department ("VPD") at times relevant to this lawsuit.

15.    Defendant, Robert Dunham, was the Chief ("Chief Dunham") of the VPD at times relevant to this lawsuit.

## FACTS COMMON TO ALL COUNTS

16.    Plaintiff became employed by the City on or about April 4, 2007, as a sworn officer of the VPD.

17.    Since December 12, 2001, and through the present date, Plaintiff has served in the Indiana National Guard ("National Guard"), where he currently holds the rank of E-7/Sergeant First Class.

18.    Through a combination of orders from the National Guard, Plaintiff was on active duty from July 10 through 31, 2020, August 3 through 16, 2020, and from August 11 through September 30, 2020.

19.    Plaintiff provided notice of these active duty orders to Defendants.

20.    On or about November 1, 2019, Plaintiff was criminally charged with a Level 5 Felony in the matter styled and captioned as State of Indiana v. Robert Ben Hammond, Knox Superior Court 1 Cause No. 42D01-1911-F5-000074 (the "Criminal Matter").

21.    On or about November 12, 2019, the Merit Commission suspended Plaintiff from his employment with the City without pay.

22.    On July 21, 2020, the Criminal Matter was dismissed.

23.    Plaintiff was not, however, allowed to return to employment with the City's VPD and his suspension without pay continued.

24.    During an executive session of the Merit Commission on July 29, 2020, Chief Dunham delivered to the Merit Commission a letter dated July 21, 2020, wherein he outlined cause for recommending Plaintiff's employment be terminated ("Chief's Recommendation").

25.    On August 11, 2020, the Merit Commission terminated Plaintiff's employment with the City's VPD.

## COUNT I – 42 U.S.C. § 1983

26.    Plaintiff hereby realleges and incorporates rhetorical paragraphs 1 through 25 of this Complaint as if fully set forth herein.

27.    Plaintiff has a constitutionally protected property interest in continued employment with the City's VPD.

28.    The Due Process clause of the Fourteenth Amendment prohibits a deprivation of property without due process of law.

29.    Due process requires, at a minimum, notice and an opportunity to be heard by an impartial tribunal.

30.    On November 12, 2019, the Merit Commission indefinitely suspended Plaintiff without pay based on the now-dismissed Criminal Matter.

31.    Under state and federal law, Plaintiff was entitled to notice that the Merit Commission would consider whether to suspend or otherwise discipline him at its November 12, 2019 meeting.  No such notice was provided and, as a result, Plaintiff was deprived of the opportunity to be heard.

32.    Under state and federal law, Plaintiff was entitled to notice of his right to a hearing before the Merit Commission suspended him indefinitely without pay.  No such notice was provided and, as a result, Plaintiff was deprived of the opportunity to be heard.

4

33.    Almost eight (8) months later, during the Merit Commission's executive session on July 29, 2020, Chief Dunham delivered the Chief's Recommendation to the Merit Commission.

34.    At its August 11, 2020 meeting, the Merit Commission terminated Plaintiff's employment based on the Chief's Recommendation.

35.    Plaintiff was not provided notice of the Chief's Recommendation until *after* the Merit Commission terminated his employment on August 11, 2020.

36.    Plaintiff was not provided notice that the Merit Commission would be taking action on the Chief's Recommendation at the August 11, 2020 meeting. As a result of the lack of notice, Plaintiff was deprived of the opportunity to be heard.

37.    Following the August 11, 2020, meeting, the Merit Commission did not notify Plaintiff that his employment had been terminated.

38.    A few weeks after the August 11, 2020 meeting, Plaintiff heard a rumor that his employment had been terminated.

39.    On August 28 and 31, 2020, Plaintiff emailed Commission President Kordes, Commission VP Dale and Commission Secretary Hatcher and asked whether the rumor of his termination was true.

40.    On the same date, Plaintiff was informed, for the first time, that his employment had been terminated by the Merit Commission at its August 11, 2020 meeting.

41.    On the same date, the Merit Commission, for the first time, sent Plaintiff written notice of his termination via certified mail, which Plaintiff received on September 1, 2020.

42.    Under state and federal law, Plaintiff was entitled to notice of the Merit Commission's consideration of the Chief's Recommendation.  No such notice was provided.

43.     As a result of the lack of notice, Plaintiff was deprived of the opportunity to be heard by an impartial tribunal.

44.     Under state and federal law, Plaintiff was entitled to timely notice of the Merit Commission's decision to terminate his employment. No such notice was provided.

45.     Plaintiff has been damaged and continues to suffer damages by these infringements of his constitutional rights.

### COUNT II – USERRA

46.     Plaintiff hereby realleges and incorporates rhetorical paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     At all times during his employment with City's VPD and continuing through the present, Plaintiff has been a member of a uniformed service as defined in 38 U.S.C. § 4303(16), namely, the National Guard, where he currently holds the rank of E-7/Sergeant First Class.

48.     The City is aware of Plaintiff's service in the National Guard, as Plaintiff received orders to report for duty from time to time throughout his employment.

49.     Most recently, Plaintiff received orders to report for duty with the National Guard from August 3, 2020, through September 30, 2020.

50.     The Defendants were on notice that Plaintiff was on active orders with the National Guard at the time of the August 11, 2020 termination hearing.

51.     Nevertheless, the Merit Commission terminated Plaintiff's employment without providing him notice—and did so during a meeting that took place while Plaintiff was away on active military duty on August 11, 2020.

52.     Plaintiff's military service was a motivating factor in the Merit Commission's adverse employment action as evidenced by, among other things, the abrupt termination of

6

Plaintiff's employment without notice while he was away on military duty, after Plaintiff had been suspended without pay for almost eight (8) months during which no action was taken to terminate his employment.

53.     USERRA prohibits discrimination and retaliation in employment on the basis of service in an unformed service.

54.     Plaintiff is a protected employee under USERRA based on his military service and duty obligations with the National Guard.

55.     The City, Chief Dunham, Commission President Kordes, Commission VP Dale and Commission Secretary Hatcher have discriminated and retaliated against Plaintiff on the basis of his service in a uniformed service—the National Guard.

56.     As a result of said Defendants' conduct, Plaintiff has sustained damages.

57.     Moreover, the conduct of said Defendants was willful, warranting liquidated or double damages under 38 U.S.C. § 4323(d)(1)(C).

## COUNT III – DECLARATORY RELIEF

58.     I.C. § 36-8-3.5 *et seq.* sets forth the procedures the Council and the City needed to follow in creating the Vincennes Police Merit System and the Merit Commission.

59.     The Indiana Supreme Court has made clear that when a municipality, like the City here, creates a Police Merit System, I.C. § 36-8-3.5 becomes controlling and binding.  *City of Evansville v. IAFF Local 357*, 516 N.E.2d 57 (Ind. 1987).

60.     Upon creation of the City's Police Merit System and the Merit Commission, the City and the Council ignored Indiana statutory and common law.

61.     In fact, the City and the Council intentionally ignored such law, to-wit: the Ordinance, at § 33.30, states that, with respect to the Indiana Code, the City was "making changes that are important to the City of Vincennes . . .."

62.     For example, I.C. § 36-8-3.5-6 requires a merit commission to have five (5) commissioners.  Here, the Merit Commission only has three (3) commissioners.

63.     Based upon information and belief, the City and the Council also did not follow the procedures set forth in I.C. § 36-8-3.5-3, -4, -5 or -6 upon creation of the City's Police Merit System and the Merit Commission.

64.     As a result, the City's Police Merit System and the Merit Commission are acting without the force and effect of any legal authority.

65.     Necessarily, each and every action taken by the Merit Commission since its creation—including the suspension and ultimate termination of Plaintiff's employment with the City's VPD—is of no force or effect.

66.     An order should issue from this Court declaring the City's Police Merit System and the Merit Commission to be of no legal force or effect and such control and oversight over the VPD should revert to the City's Safety Board per statutory law.

<strong>COUNT IV – JUDICIAL APPEAL</strong>

67.     This count is pled in the alternative to Counts I-III herein, and is done so pursuant to I.C. § 36-8-3.5-18.

68.     This Count is verified below by Plaintiff, is brought only against the City and is filed within thirty (30) days of the Merit Commission's decision to terminate Plaintiff's employment, notwithstanding its failure to provide Plaintiff with timely notice of that decision.

8

69.     Further, Plaintiff files contemporaneously herewith a One Hundred Dollar ($100) bond pursuant to I.C. § 36-8-3.5-18(b)(4).

70.     The Merit Commission's decision to terminate Plaintiff's employment with the City was not in accordance with Indiana law.

71.     As set forth above and realleged here without further repetition, Plaintiff was entitled to notice of the charges preferred against him by Chief Dunham, but those were never given to him; and, Plaintiff was entitled to an opportunity to be heard by an impartial tribunal, but this likewise did not occur.

72.     Notwithstanding these violations of law, the Merit Commission proceeded to terminate Plaintiff's employment at its August 11, 2020, meeting.

73.     These events denied Plaintiff the due process he is entitled to under law.

I affirm, under the penalties of perjury, that the foregoing representations in this Count IV are true.

/s/ Robert B. Hammond
Robert B. Hammond

WHEREFORE, Plaintiff, Robert B. Hammond, prays for judgment against Defendants City of Vincennes, Vincennes Common Council, Dennis Kordes, Brad Dale, Howard Hatcher, Robert Dunham and Terry Johnson, each of them, jointly and severally, on the claims set forth above, together with the following relief:

i.      Reversal of the Merit Commission's decision to terminate Plaintiff's employment;

ii.     A declaration that the Ordinance purporting to establish the City's Police Merit System and Merit Commission violates Indiana law, and that the Merit Commission's suspension of Plaintiff's employment and its termination of Plaintiff's employment are consequently void and of no force or effect;

9

iii.  Injunctive relief prohibiting the City from enforcing the Ordinance and/or the Merit Commission's decision to terminate Plaintiff's employment;

iv.  An award of compensatory damages and lost wages and benefits pursuant to 42 U.S.C. § 1983 and 38 U.S.C. § 4323(d)(1)(B);

v.  An award of liquidated or double damages pursuant to 38 U.S.C. § 4323(d)(1)(C);

vi.  An award of costs, disbursements, reasonable attorney fees, expert fees, and litigation expenses pursuant to 42 U.S.C. § 1988 and 38 U.S.C. § 4324(h)(2).

vii.  All other relief just and proper in the premises.

Respectfully submitted,

*/s/ Keith W. Vonderahe*

Keith W. Vonderahe
ZIEMER, STAYMAN, WEITZEL & SHOULDERS, LLP
20 NW 1st Street, 9th Floor
P. O. Box 916
Evansville, Indiana   47706-0916
Phone: (812) 424-7575
Fax: (812) 421-5089
E-mail: kvonderahe@zsws.com

Attorney for Plaintiff